In the Matter of the Application of PHILIP BOHNET for a Peremp-
tory Mandamus.

DAVID A. DOYLE, Appellant; THE MAYOR, ALDERMEN AND COM-
MONALTY OF THE CITY OF NEW YORK and Others, Respondents.

*Peremptory mandamus compelling the removal of incumbrances from streets — a per-
son aggrieved cannot, after the writ has issued, be made a party to the proceeding.*

Where a peremptory mandamus has issued, requiring city officials to remove
certain incumbrances from the streets of a city, a third person, aggrieved
thereby, is not entitled to be made a party to the proceeding. When the writ
has issued the proceeding is terminated.

APPEAL by David A. Doyle from an order of the Supreme Court,
made at the New York Special Term, and entered in the office of
the clerk of the county of New York on the 13th day of July, 1896,
denying his application to intervene and be made a party respondent
in the proceeding.

*James R. Fancher*, for the appellant.

*Charles Blandy*, for the relator, respondent.

*Terence Farley*, for commissioner of public works and others,
respondents.

PER CURIAM:

This proceeding was commenced to obtain a peremptory man-
damus requiring the mayor, etc., of the city of New York, the
commissioner of public works and the superintendent of incum-
brances, to remove from certain of the public streets of the city of
New York certain incumbrances described in the writ, and a per-
emptory mandamus was, upon the 28th of June, 1896, duly issued
in accordance with the prayer of the petition. Subsequently, and
on July 2, 1896, an order to show cause was obtained requiring the
parties to that proceeding to show cause why an order should not be
made directing that the appellant Doyle be made a party respondent
therein, and this is an appeal from the order denying that motion.

We think this order should be affirmed, upon the ground that
when the motion was made no proceeding was pending to which
the appellant could be made a party. The writ of mandamus had

issued requiring the public officers to perform their duty, and the proceeding had terminated. If any one interfered with the rights of the appellant he had a remedy against the one so interfering; but it would be useless to make him a party to a proceeding which had terminated by the final order and the issuing of the writ of mandamus under it.

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements.

Present — BARRETT, RUMSEY, PATTERSON and INGRAHAM, JJ.

Order affirmed, with costs.